IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-CR-340 |
| v. | The Honorable Anthony J. Trenga |
| JOHN JACOB STAPLETON, | Trial Date: February 3, 2020 |
| Defendant. | |

**MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM REFERENCING AT TRIAL THE POTENTIAL SENTENCES ASSOCIATED WITH THE CHARGED OFFENSES**

COMES NOW the United States of America, by and through G. Zachary Terwilliger, United States Attorney, David A. Peters and Raj Parekh, Assistant United States Attorneys, and moves this Court to issue an order precluding counsel for the defendant, or the defendant himself, from referencing his potential sentence if convicted of the charged offenses.

Defendant John Stapleton is charged in a two-count indictment with 1) conspiracy to distribute 100 grams or more of heroin, resulting in serious bodily injury and death, in violation 21 U.S.C. §§ 841 and 846; and 2) distribution of heroin, resulting in serious bodily injury and death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Both counts include as penalties a mandatory minimum term of imprisonment of 20 years and a maximum term of imprisonment of life.

The government plans to introduce the testimony of several cooperating witnesses, including that of Joseph Riley Curry and Mallorie Pensabene.

The government anticipates Mr. Curry will testify that he and the defendant conspired to obtain heroin from sources of supply in Baltimore, Maryland, portions of which they re-

distributed to customers in Northern Virginia.  With respect to one such source—UCC-1 in the indictment—the two shared rides and pooled money so that the source would agree to meet with them.  The government further anticipates that Mr. Curry will testify that he and the defendant made at least 10 trips to buy heroin from UCC-1, acquiring between 5-10 grams of heroin per trip, and that he made other trips without the defendant of which the defendant was aware.  The government further anticipates that Mr. Curry will testify that in mid-March 2016, the defendant sold approximately $275 worth of heroin to Mallorie Pensabene inside Mr. Curry's vehicle, near Mr. Curry's neighborhood in Leesburg, Virginia.  Mr. Curry will also testify that he and the defendant bought this heroin from UCC-1 in Baltimore that same day, and that he witnesses the defendant's transaction with Ms. Pensabene.

Mr. Curry pled guilty to conspiracy to distribute heroin resulting in serious bodily injury and death, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The Court sentenced him to 252 months' imprisonment.

The government anticipates that Ms. Pensabene will testify that she had purchased heroin from both Mr. Curry and the defendant on several occasions.  She will further testify that in mid-March 2016, her friend, E.L., asked her to obtain heroin.  The government expects Ms. Pensabene will testify that she contacted the defendant and Mr. Curry to purchase heroin and that the defendant agreed he would provide it.  Ms. Pensabene will testify that on or about the same day, she traveled to Mr. Curry's neighborhood in Leesburg, Virginia, and purchased $275 worth of heroin from the defendant inside Mr. Curry's vehicle.  The government anticipates that Ms. Pensabene will testify that after the transaction, she returned to her home in Loudoun County, Virginia, and shared the heroin she bought from the defendant with E.L. and a third friend, Mr. Stephen Gant—another expected government witness.  Ms. Pensabene will testify that she was not paid for involvement in this transaction.  Ms. Pensabene will testify that E.L. ingested the

heroin through his nose and that she watched him go to bed in the guest bedroom.  Finally, Ms.

Pensabene will testify that she found E.L. dead on the floor in her guest bedroom the next day.

Ms. Pensabene then deleted text messages from her cellular phone and E.L.'s that showed her

role in purchasing the heroin that caused E.L.'s death.

Ms. Pensabene pled guilty to obstruction of justice, in violation of 18 U.S.C. §

1512(c)(1).  The Court sentenced her to 18 months' imprisonment.

The Fourth Circuit has consistently held that comments regarding the potential sentence a

defendant may face if convicted "are improper. . . [.]"  *United States v. Meredith*, 824 F.2d 1418,

1429 (4th Cir. 1987); *United States v. Robinson*, 583 Fed. App'x 53, 54, (4th Cir. 2014) (citing

*Rogers v. United States*, 422 U.S. 35, 40 (1975)) (additional citation omitted).  In *Robinson*, the

Fourth Circuit commented that there was "simply no support" for the contention that the jury

should be informed of the defendant's potential sentence.  583 Fed. App'x at 54 (citing *United*

*States v. Goodface*, 835 F.2d 1233, 1237 (8th Cir 1987) (holding jury's duty to determine guilt or

innocence of accused solely based on evidence at trial without considering potential sentence)).

The logic of *Robinson* applies here.  Mr. Stapleton faces a mandatory minimum sentence

of 20 years if convicted of either count.  This makes no fact at issue more or less likely.

Further, the government anticipates that the defendant or his counsel may attempt to draw

the jury's attention to the defendant's potential sentence by comparing with that of government

witnesses like Mr. Curry and Ms. Pensabene.  This would be an inappropriate invitation for the

jury to decide the case based on something other than the evidence, i.e. jury nullification.  *See*

*United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) (defense counsel not entitled to

encourage jury nullification and court may take corrective action in the face of such attempt).

WHEREFORE, the government respectfully requests that this Court order that the

defendant and counsel for the defendant are prohibited from referencing the defendant's potential

sentence if convicted of the offenses alleged in the indictment.

<div style="margin-left:45%">

Respectfully Submitted,

G. Zachary Terwilliger
United States Attorney

</div>

By: _____/s/_____

<div style="margin-left:45%">

David A. Peters
Raj Parekh
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3982
David.Peters@usdoj.gov

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2020, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all

counsel of record.  I provided an electronic copy of this motion to Counsel for the defendants.


_____/s/_____
David A. Peters
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
David.Peters@usdoj.gov