

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN JACOB STAPLETON,<br><br>Defendant. | CRIMINAL NO. 1:19-CR-340<br><br>Count 1: Conspiracy to Distribute 100 Grams or more of Heroin Resulting in Serious Bodily Injury and Death<br>(21 U.S.C. §§ 841 & 846)<br><br>Count 2: Distribution of Heroin Resulting in Serious Bodily Injury and Death<br>(21 U.S.C. § 841 and 18 U.S.C. § 2)<br><br>Forfeiture Notice: 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) |

**SUPERSEDING INDICTMENT**

January 2020 Term - At Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Conspiracy to Distribute 100 Grams of Heroin Resulting in Serious Bodily Injury and Death)

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Having determined that "[t]he illegal importation, manufacture, distribution and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people[,]" Congress enacted the Controlled Substances Act (CSA), 21 U.S.C. § 801, *et seq.*

2. There were five "schedules" of controlled substances, known as Schedule I, II, III, IV, and V. Substances were "scheduled" depending on their potential for abuse and recognized

medical usage. For example, a drug listed in Schedule I has a high potential for abuse and no currently accepted medical use in treatment in the United States. 21 U.S.C. § 812, *et seq*.

3. Heroin was Schedule I controlled substance. 21 U.S.C. § 812.

4. Per the CSA, no person may, without authorization, knowingly or intentionally manufacture, distribute or dispense, or possess with the intent to manufacture, distribute or dispense a controlled substance, or conspire or attempt to do the same. 21 U.S.C. §§ 841 & 846.

5. The term "serious bodily injury" means "bodily injury which involves: a substantial risk of death; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 21 U.S.C. § 802(25), *et seq*.

## THE SCHEME

6. JOHN JACOB STAPLETON (STAPLETON), Cooperating Individual-1 (CI-1) and others, known and unknown to the Grand Jury, distributed heroin within Loudoun County, Virginia, and elsewhere within the greater Washington, D.C. Metropolitan Area (WMA). STAPLETON and CI-1 regularly pooled their collective resources in furtherance of their shared purpose, which was to acquire distribution quantities of heroin in order to supply a steady cadre of customers. These resources included transportation, sources of supply, and "buy" money.

## STATUTORY ALLEGATION

7. From at least in and around 2016 and continuing through in and around 2017, the exact dates being unknown to the Grand Jury, in Loudoun County, Virginia, in the Eastern District of Virginia, and elsewhere the defendant, JOHN JACOB STAPLETON, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together with other persons, known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I

controlled substance, and the serious bodily injury and death of E.L. resulted from the use of such substance, in violation of 21 U.S.C. § 841(a)(1).

## OBJECT OF THE CONSPIRACY

8. The primary purpose of this conspiracy was to obtain distribution quantities of heroin and generate money through its unlawful sale in Loudoun County, Virginia, and within the WMA. The defendant and his co-conspirators used the following ways, manners, and means, among others, to carry out this purpose:

## WAYS, MANNERS, AND MEANS

9. It was part of the conspiracy that STAPLETON and CI-1, at times, traveled together to obtain heroin from sources of supply.

10. It was further part of the conspiracy that STAPLETON and CI-1 obtained heroin from sources of supply in Baltimore, Maryland, including, but not limited, to an individual hereafter known as Unindicted Co-Conspirator-1 (UCC-1).

11. It was further part of the conspiracy that STAPLETON and CI-1 combined their money to maximize the amount of heroin they could purchase.

12. It was further part of the conspiracy that STAPLETON and CI-1 would purchase approximately 10 grams of heroin at a time from their sources of supply, including UCC-1.

13. It was further part of the conspiracy that STAPLETON communicated with customers and co-conspirators using his cellular telephone and social media platforms including, but not limited to, Facebook.

14. It was further part of the conspiracy that STAPLETON used a cellular telephone with an assigned call number ending in 5042.

15.     It was further part of the conspiracy that CI-1 would occasionally direct customers to STAPLETON to purchase heroin.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In order to further the goals and purposes of the conspiracy, the defendants and their co-conspirators committed overt acts, including, but not limited to, the following:

16.     On or about March 17, 2016, in Loudoun County, Virginia, STAPLETON distributed a quantity of heroin to Cooperating Individual-2 (CI-2) in exchange for approximately $275. This distribution took place inside a vehicle that belonged to CI-1 and in CI-1's presence.

17.     On or about March 17, 2016, in Loudoun County, Virginia, CI-2 provided to E.L. a portion of the heroin that STAPLETON distributed to CI-2.

18.     On or about March 17, 2016, in Loudoun County, Virginia, E.L. used the heroin that CI-2 obtained from STAPLETON, which caused E.L.'s serious bodily injury and death.

(All in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(i).).

## COUNT TWO
(Distribution of Heroin Resulting in Serious Bodily Injury and Death)

THE GRAND JURY FURTHER CHARGES THAT:

19. On or about March 17, 2016, in Loudoun County, Virginia, within the Eastern District of Virginia, the defendant, JOHN JACOB STAPLETON, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and the serious bodily injury and death of E.L. resulted from the use of such substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

(All in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.).

## FORFEITURE NOTICE

THE GRAND JURY HEREBY FINDS probable cause that the property described in this NOTICE OF FORFEITURE is subject to forfeiture pursuant to the statutes described herein.

Pursuant to Fed. R. Crim. P. 32.2(a), the defendant, JOHN JACOB STAPLETON, is hereby notified that if convicted of either Count One or Count Two of this Indictment, he shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

(Pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2).

A TRUE BILL
Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office

_____
Foreperson of the Grand Jury

G. Zachary Terwilliger
United States Attorney

By: _____
David A. Peters
Raj Parekh
Assistant United States Attorneys

6